UNITED STATES DISTRICT COURT
FOR THE ~~DISTRICT COURT OF NEW JERSEY~~
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 AUG -3 A 10: 45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA.

---

Romanus M. Isiofia
    Petitioner,

A # 92012495

v.

2:06CV683-MHT

Michael Chertoff, Secretary
 Department of Homeland Security
Alberto Gonzales, Attorney General of the
United States
John P. Torres, Acting Director, Office of
Detention and Removal Bureau of Immigration
And Customs Enforcement
Christopher Shanahan, Field Office Director,
Detention and Removal
Bureau of Immigration and Customs Enforcement
~~William Fraser~~, Warden, ~~Monmouth County jail~~
ROBERT BATEMAN         Respondents.  PERRY COUNTY CORRECTIONAL CENTER

---

**PETITION for WRIT OF HABEAS CORPUS**
And
**COMPLAINT for DECLARATORY and INJUNCTIVE RELIEF**

1. Romanus M. Isiofia, Petitioner appearing Pro Se, hereby petition this Court for a writ of habeas corpus and seeks declaratory and injunctive relief to review the constitutionality of his detention by Respondents for a period of more than ~~five~~ six (6) months. In support of this petition and complaint, Petitioner alleges as follows:

2. The Petitioner, Romanus M. Isiofia seeks release from detention asserting that he is being detained unconstitutionally under 8 U.S.C. 1226(c)(1). Because Immigration Judge Alan Vomacka has determine that Petitioner is not deportable and his removal proceedings was at 201 Varick Street, New York, New York 10014. See EXHIBIT A.

## CUSTODY

3. Petitioner is in the physical custody of respondents and detained at PERRY COUNTY CORRECTIONAL CENTER the ~~Monmouth County Jail in Freehold, New Jersey~~ pursuant to a contractual agreement with the Department of Homeland Security.

## JURISDICTION

4. This action under the United States Constitution, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et. seq.. This Court has jurisdiction under 28 U.S.C. § 1331, § 1346(a)(2) and § 2241(c) (1) & (3), Art 1. § 9, cl. 2 of the United States Constitution ("Suspension Clause"), as Petitioner is presently in custody in violation of the constitution, laws, treaties of the United States. Demore v. Kim, 123 S. Ct. 1708 (2003).

## VENUE

5. Pursuant to Rumsfeld v. Padilla, 124 S. Ct. 2711 (2004), venue lies in this federal judicial district in where Petitioner is currently detained.

## PARTIES

6. Petitioner is a native and citizen of Nigeria. Petitioner was taken into the Respondents' custody on February 22, 2006, and remained in their custody continuously since that date.

7. Respondent Micheal Chertoff is the official charged with responsibility for the administration of all the functions, powers and duties of the United States Department of Homeland Security, including carrying out of detention orders issued by Department of Justice.

8. ~~Respondent William Fraser is the warden of Monmouth County Jail located at 1 Waterworks Rd, Freehold, NJ, where Petitioner is now being held.~~ RESPONDENT ROBERT BATEMAN IS THE WARDEN OF PERRY COUNTY CORRECTIONAL CENTER, LOCATED AT RT 2, BOX 176, HWY 80, UNIONTOWN, AL 36786

9. Respondent Christopher Shanahan, Acting Field Director of Detention and Removal, Bureau of Immigration and Customs Enforcement. He is in charge of those officers who make the decisions affecting the detention and removal of non-citizens for the New York District.

10. Respondent John P. Torres, currently Acting Director of Bureau of Immigration and Customs Enforcement ("ICE"), is responsible for the administration of ICE and the implementation and enforcement provisions of the INA. As such, he is the head custodian authority for and of Petitioner.

11. Respondent Alberto Gonzales, is the Attorney General of the United States and is responsible for the administration of the Department of

3

Justice, and all of the Immigration Courts nationwide. Mr. Gonzales has the power to direct that a custody redetermination hearing be held in Immigration Court, and thus to resolve the custody status of Petitioner.

### ADMINISTRATIVE EXHAUSTION

12. Petitioner is not requires to administratively exhausted his remedies, when inter alia he raises a substantial constitutional question. Gonzales v. O'Connell, 255 F.3d 1010 (7th Cir. 2004).

### FACTUAL ALLEGATIONS

13. Petitioner is a native and citizen of Nigeria, and a Lawful Permanent Resident.

14. Petitioner was released to the custody of DHS/ICE on September 14, 2005, transported to York, Pa. A Notice To Appear ("NTA") was filed with the Immigration Court in York, Pa., charging Petitioner with deportability under Section 237(a)(2)(A)(I) as a non-citizen, convicted of committing one crime involving moral turpitude, within ten (10) years of his admission. The NTA alleged the Petitioner was on or about March 8, 2005, convicted in the United States District Court for Southern District of New York for the offense of Misuse of social security number, for which he was sentenced to a ten (10) months term of imprisonment. Petitioner notified the Immigration Court that the federal conviction was pending on direct appeal in the Second Circuit Court of Appeals. On October 19, 2005, the Immigration Court terminated the Removal Proceedings without prejudice.

Subsequently, Petitioner was released from DHS/ICE custody. See EXHIBIT B.

15. On February 22, 2006, Petitioner was detained by DHS/ICE officials based on the 2005 federal conviction, and an NTA was filed with the Immigration Court at 201 Verrick Street, New York, New York. The Immigration Judge determined that the federal offense (misuse of social security number) is not an aggravated felony pursuant to INA section 101(a)(43)(M).

16. On April 4, 2006, DHS/ICE filed Form I-261 additional charges with the Immigration Court alleging that on or about September 13, 2002, Petitioner was convicted in the Bronx Criminal Court of the City of New York, Bronx County for the offense of attempted assault in the third degree, subsection one, in violation of New York Penal Law 110/120.00(1), case no. 2002BX042853, and that these crimes did not arise out of a single scheme of criminal misconduct. The I-261 charged Petitioner with deportability under Section 237(a)(2)(A)(ii) of the INA, in that he had been convicted of two crimes involving moral turpitude, after admission, not arising out of a single scheme of criminal misconduct.

16. The Immigration Court determined that both Petitioner's 2002 state and 2005 federal convictions does not involve moral turpitude and held that petitioner was not deportable, therefore, the Court terminated the removal proceedings. EXHIBIT C. DHS/ICE appealed the Immigration Court's decision to the Board of Immigration Appeals ("BIA") on May 18, 2006. EXHIBIT D. BIA set a briefing schedule directing that both parties'

brief was due on July 21st, 2006. Upon DHS's motion requesting additional time to file its appeal brief, BIA extended the due date for both parties to find their brief until July 21, 2006.

## CONCLUSION

Based on the foregoing, Petitioner humbly asks this Court to:
- A. assume jurisdiction of this cause;
- B. enter declaratory judgment Defendant's continued detention of Petitioner is in violation of the INA and the due process clause and equal protection guarantees of the Fifth Amendment to the United States Constitution;
- B. issue temporary and permanent injunctions enjoining Defendants from unlawfully further detaining his person; and to further issue orders requiring his immediate release from custody;
- C. grant Petitioner's petition for habeas corpus;
- D. award Petitioner his costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 4212; and
- E. issue such further relief as Petitioner may seek or deems just and proper.

The factual allegation set forth herein and this petition are so affirmed under penalty of perjury pursuant to 28 U.S.C. § 1746 and submitted by:

*[signature]* 7-31-06
Romanus M. Isiofia Pro Se
~~One Waterworks Rd~~
~~Freehold, NJ 07728~~
PERRY COUNTY CORRECTIONAL CENTER
RT 2 BOX 176 HWY 80
UNIONTOWN, AL 36786
BRAVO 4, #10

Dated: ~~Freehold, New Jersey~~
~~July 18, 2006~~
UNIONTOWN, ALABAMA
JULY 31ST, 2006

7

*Exhibit A*



**U.S. DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
201 Varick Street, Room 1140, New York, N.Y. 10014

In the Matter of

ISIOFA, Romanus                File No. A 92-012-495

Respondent in Removal Proceedings

## ORDER OF THE IMMIGRATION JUDGE

This summary of the Oral Decision issued on the date shown below is issued for the convenience of the parties. If the case is appealed the full oral decision will be transcribed as the official text of the Court's opinion.

____ Respondent was ordered removed from the United States to _____.
  ____ Alternate order of removal to _____ under INA sec. 241(b)((2)(C).

____ Respondent, an arriving alien, was ordered removed from the United States. The country of removal is determined by § 241(b)(1) of the INA.

____ Respondent's application for voluntary departure was denied.

____ Respondent was granted voluntary departure until on or before _____. The grant of voluntary departure is conditioned upon:
  ____ Respondent posting a voluntary departure bond of $ _____ within five working days.
  ____ Respondent providing a valid travel document to D.H.S. on or before _____.
If and when Respondent fails to comply with either condition, or if Respondent fails to depart when and as required, the order shall automatically become an order for Respondent's removal and deportation to _____.
Respondent was advised of the limitation on discretionary relief for failure to depart as ordered.

____ Respondent's application for adjustment to permanent resident status under Sec. _____ of the I.N.A. was    [ ] granted    [ ] denied    [ ] other.

____ Respondent's application for cancellation of removal under [Sec. 240A(a)]    [Sec. 240A(b)] of the I.N.A. was    [ ] granted    [ ] denied    [ ] other.

____ Respondent's application for _____ under Sec. _____ of the I.N.A. was    [ ] granted    [ ] denied    [ ] other.

✓ Proceedings were terminated.

✓ Other: COURT DID NOT SUSTAIN EITHER CHARGE OF REMOVABILITY.

Date: 5-17-06                   _Alan Vomacka_
                                Alan Vomacka, Immigration Judge

Appeal: Reserved by ____ Due by 6-16-06

0195

Department of Justice
Immigration and Naturalization Service



# Additional Charges of Inadmissibility/Deportability

☒ Removal proceedings under section 240 of the Immigration and Nationality Act
☐ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

In the Matter of:

Alien/Respondent: _ISIOFIA, Romanus_____

File No: _A92012495_____    Address: c/o Monmouth County jail, 1 Waterworks Rd., Freehold, NJ 07228

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

In support of the additional charge(s) there is submitted the following factual allegation(s) ☒ in addition to ☐ in lieu of those set forth in the original charging document:

You were, on September 13, 2002, convicted in the Bronx Criminal Court of the City of New York, Bronx County for the offense of attempted assault in the third degree, subsection one, in violation of New York Penal Law 110/120.00(1), case no. 2002BX042853.

These crimes did not arise out of a single scheme of criminal misconduct.

Dated: _4/13/06_                                          _____
                                                          (Signature of Service Counsel)

Form I-261(Rev. 4/1/97)N

Exhibit B

IMMIGRATION COURT
3400 CONCORD ROAD., SUITE 2
YORK, PA 17402

Case No.: A92-012-495

In the Matter of
ISIOFIA, ROMANUS MBA
    Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on .
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[ ] The respondent was ordered removed from the United States to
    or in the alternative to
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    or in the alternative to
[ ] Respondent's application for voluntary departure was granted until
    upon posting a bond in the amount of $ _____
    with an alternate order of removal to

Respondent's application for:
[ ] Asylum was ( ) granted ( ) denied ( ) withdrawn
[ ] Withholding of removal was ( ) granted ( ) denied ( ) withdrawn
[ ] A Waiver under Section ____ was ( ) granted ( ) denied ( ) withdrawn
[ ] Cancellation under Section 240A(a) was ( ) granted ( ) denied ( ) withdrawn

Respondent's application for:
[ ] Cancellation under Section 240A(b)(1) was ( ) granted ( ) denied
    ( ) withdrawn. If granted it is ordered that the respondent be issued
    all appropriated documents necessary to give effect to this order.
[ ] Cancellation under Section 240A(b)(2) was ( ) granted ( ) denied
    ( ) withdrawn. If granted it is ordered that the respondent be issued
    all appropriated documents necessary to give effect to this order.
[ ] Adjustment of Status under Section ____ was ( ) granted ( ) denied
    ( ) withdrawn. If granted it is ordered that the respondent be issued
    all appropriated documents necessary to give effect to this order.
[ ] Respondent's application of ( ) witholding of removal ( ) deferral of
    removal under Article III of the Convention Against Torture was
    ( ) granted ( ) denied ( ) withdrawn.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper notice.
[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.
[X] Proceedings were terminated. _termination w/o prejudice_
[ ] Other: _____

Date: _____

GRACE A. SEASE
Immigration Judge

Appeal: _____    Due By: _____

RYS

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
YORK, PENNSYLVANIA

*Exhibit C*

| | |
|---|---|
| In the matter of ) | |
| ) | |
| ISIOFIA, Romanus, ) | File No. A92 012 495 |
| ) | |
| Respondent ) | In Removal Proceedings |
| ) | |

## ORDER

Having considered the Motion to Terminate filed by the U.S. Department of Homeland Security, Immigration and Customs Enforcement, and any opposition thereto, it is hereby **ORDERED** that the motion is **GRANTED** and these proceedings are hereby **TERMINATED WITHOUT PREJUDICE**.

DONE AND ORDERED this 19th day of October, 2005, at York, Pennsylvania.

_____
Immigration Judge

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
YORK, PENNSYLVANIA

Bulvier 10/18/05

ISIOFIA, ROMANUS MBA
C/O YORK ICE
YORK          PA 17402

RECEIVED DHS-ICE
2005 OCT 20 AM 8: 46
OFFICE OF THE CHIEF COUNSEL
YORK

FILE A 92-012-495          DATE: Oct 19, 2005

IN THE MATTER OF
ISIOFIA, ROMANUS MBA

\_ UNABLE TO FORWARD - NO ADDRESS PROVIDED

\_ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE. THIS DECISION IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION. SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL. YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST MUST BE MAILED TO:    BOARD OF IMMIGRATION APPEALS
OFFICE OF THE CLERK
P.O. BOX 8530
FALLS CHURCH, VA  22041

\_ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING. THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C. SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6), 8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS. IF YOU FILE A MOTION TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

IMMIGRATION COURT
3400 CONCORD ROAD., SUITE 2
YORK, PA  17402

✓ OTHER: _Order_____

COURT CLERK
IMMIGRATION COURT                        FF

CC: DISTRICT COUNSEL, C/O YORK PRISON
3400 CONCORD ROAD
YORK, PA, 17402

RYS

ALIEN NUMBER: 92-012-495                    ALIEN NAME: ISIOFIA, ROMANUS MBA

---
CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN  [✓] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [✓] INS
DATE: 10/19/05          BY: COURT STAFF _____
    Attachments:  [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

---

Q6

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

**Notice of Appeal from a Decision of an Immigration Judge**

1. List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

   ISIOFA, Romanus

   A92012495

   In Removal Proceedings

   **! WARNING:** Names and "A" Numbers of everyone appealing the Immigration Judge's decision must be written in item #1.

   For Official Use Only

2. I am the   ☐ Respondent/Applicant  ☒ INS   *(Mark only one box.)*

3. I am   ☒ DETAINED   ☐ NOT DETAINED   *(Mark only one box.)*

4. My last hearing was at  201 Varick Street, NY, NY  _(Location, City, State)_

5. **What decision are you appealing?**

   <u>Mark only one box below</u>. *If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

   ☒ I am filing an appeal from the Immigration Judge's decision *in merits proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated May 17, 2006 .

   ☐ I am filing an appeal from the Immigration Judge's decision *in bond proceedings* dated _____ .

   ☐ I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated _____ .

   *(Please attach a copy of the Immigration Judge's decision you are appealing.)*

OMB# 1125-0002; Expires 12/31/02

Form EOIR-26
Revised Sept. 2002

Internet Version

6. **State in detail the reason(s) for this appeal. Please refer to the Instructions at part F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

THIS IS AN APPEAL BY THE DEPARTMENT OF HOMELAND SECURITY

The IJ erred in failing to sustain both charges of removability as stated in the charging document, and terminating removal proceedings.

The IJ erroneously failed to sustain the charge of removability pursuant to 237(a)(2)(A)(iii) (aggravated felony pursuant to 101(a)(43)(M)) based upon the respondent's conviction for Misuse of a Social Security Number, (42 USC 408(a)(7)(A)) from which his victims incurred a loss of over $10,000.

The IJ also erroneously failed to sustain the charge of removability pursuant to 237(a)(2)(A)(ii) (multiple CIMTs) based upon the respondent's New York conviction for Attempted Assault Third Degree, subsection 1 (intent to cause physical injury).

*(Attach additional sheets if necessary)*

> **! WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7. Do you desire oral argument before the Board of Immigration Appeals?   ☒ Yes   ☐ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal?   ☒ Yes   ☐ No

> **! WARNING:** If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

9. SIGN HERE → X ___*Adam Feller, ACC*___    5/18/06
Signature of Person Appealing
(or attorney or representative)
Adam Feller, ACC

Form EOIR-26
Revised Sept. 2002

*Internet Version*

10.
| **Mailing Address of Respondent(s)/Applicant(s)** |
|---|
| ISIOFIA, Romanus |
| (Name) |
| c/o Monmouth County Jail |
| (Street Address) |
| 1 Waterworks Rd |
| (Apartment or Room Number) |
| Freehold, NJ 07228 |
| (City, State, Zip Code) |
| |
| (Telephone Number) |

11.
| **Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)** |
|---|
| Da'Tekena Barango, Esq |
| (Name) |
| 25 Bond St |
| (Street Address) |
| 2nd Fl |
| (Suite or Room Number) |
| Brooklyn, NY 11201 |
| (City, State, Zip Code) |
| |
| (Telephone Number) |

**NOTE:** You must notify the Board within five (5) working days if you move to a new address. You must use an alien's Change of Address Form (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

12.
### PROOF OF SERVICE
(You Must Complete This)

I  Adam Feller                                                       mailed or delivered a copy of this Notice of Appeal
        (Name)

on   05/18/2006      to   Da'Tekena Barango, Esq and Isiofa, Romanus
        (Date)                          (Opposing Party)

at  25 Bond ST, 2nd Fl, Brooklyn, NY 11201 and Monmouth Couty Jail, 1 Waterworks Rd, Freehold, NJ, 07228
        (Address of Opposing Party)

**SIGN HERE** X _____[signature] Adam Feller, ACC_____
                              Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal will be rejected or dismissed.

❏ Read all of the General Instructions
❏ Provided all of the requested information
❏ Completed this form in English
❏ Provided a certified English translation for all non-English attachments

**HAVE YOU?**

❏ Signed the form
❏ Served a copy of this form and all attachments on the opposing party
❏ Completed and signed the Proof of Service
❏ Attached the required fee or Fee Waiver Request

Form EOIR-26
Revised Sept. 2002

*Internet Version*