IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ROMANUS M. ISIOFIA | * | |
| Petitioner, | * | |
| v. | * | 2:06-CV-683-MHT |
| | | (WO) |
| MICHAEL CHERTOFF, SECRETARY DEPARTMENT OF HOMELAND SECURITY, *et al.*, | * | |
| | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Romanus Isiofia, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus on August 3, 2006. Isiofia is an Immigration and Naturalization Service ("INS") detainee being held at the Perry County Correctional Center located in Uniontown, Alabama. Isiofia alleges that his continued confinement by the INS violates the provisions of 8 U.S.C. § 1226(c)(1).

**I. DISCUSSION**

A 28 U.S.C. § 2241 petition for habeas corpus relief must be filed in the district court in which a petitioner is incarcerated. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004) ("The plain language of the [28 U.S.C. § 2241] habeas statute ... confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410

U.S. 484 (1973); *Fernandez v. United States,* 941 F.2d 1488, 1495 (11th Cir.1991); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978). Petitioner is presently incarcerated at the Perry County Correctional Facility located in Uniontown, Alabama. This correctional facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, this court lacks jurisdiction to consider the habeas corpus petition filed by Isiofia. *Plain*, 748 F.2d at 621. However, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination..

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before August 27, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE